IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **DANIEL CROCKETT, #M40122** | ) |
|  | ) |
| **Plaintiff,** | ) |
| vs. | ) Case No. 3:21-cv-00570-SMY |
|  | ) |
| **ROB JEFFREYS,** | ) |
| **DEANNA BROOKHART,** | ) |
| **SERGEANT STANLEY,** | ) |
| **C/O MONICOL,** | ) |
| **JOHN DOE,** | ) |
| **COUNSELOR TATE,** | ) |
| **LYNN PITTMAN,** | ) |
| **JANE DOE,** | ) |
| **N.P. STOVER,** | ) |
| **MS. CUNNINGHAM,** | ) |
| **WESTFORD HEALTH SERVICES,** | ) |
| **MS. ULRICH, and** | ) |
| **RUSSEL GOINS,** | ) |
|  | ) |
| **Defendants.** | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Daniel Crockett, an inmate of the Illinois Department of Corrections currently incarcerated at Lawrence Correctional Center, filed the instant lawsuit pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights. This case is now before the Court for preliminary review of the Complaint under 28 U.S.C. § 1915A. Any portion of the Complaint that is legally frivolous, malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b).

### The Complaint

Plaintiff makes the following allegations in the Complaint (Doc. 1): Plaintiff was moved into a cell with Inmate Ferguson on September 24, 2019 and was immediately threatened with

violence by Ferguson. Plaintiff informed John Doe Wing Officer, Sergeant Stanley, and Counselor Tate of Ferguson's threat. Sergeant Stanley directed him to return to the cell and later told him he would be moved the next day. The next day, Plaintiff informed C/O Monicol of the issue and was told a new worker in placement was working on his move and it may take a day or two. Plaintiff again asked C/O Monicol about the move on September 26 and 27, 2019 and was told placement was working on it and there was nothing he could do.

Plaintiff was assaulted by Ferguson on October 16, 2019. He was taken to health care where Jane Doe Nurse placed a bandage on his face but did not schedule him to see a doctor. He then went to segregation on investigation status. Three days later, he was transferred to general population and placed a request to be seen by the doctor. He was suffering from severe pain and could feel a deformity on his face. X-rays were taken on October 30, 2019. Dr. Pittman told him the x-rays did not show any fractures. He asked her to feel the deformity on his face and she told him it was a bruise on the bone.

Plaintiff wrote a request to healthcare asking to see the x-rays and to speak with someone for a second opinion. After weeks of pain and no response, he filed a grievance that was denied. Russel Goins was the Assistant Warden of Safety and Security and Plaintiff's safety and security was his direct responsibility. He wrote a letter to Warden Brookhart and Assistant Warden Goins on January 9, 2020 in response to the counselor's response to his grievance.

Plaintiff again asked to be seen in April 2020 and finally saw NP Stover on April 23, 2020. After touching the area with the deformity, NP Stover stated "that's definitely a fracture" and scheduled additional x-rays which were taken May 1, 2020. The x-ray report stated a fracture could not be excluded. NP Stover told Plaintiff the prior x-rays were "skull" x-rays instead of "orbital" x-rays and would not have revealed any fractures. Plaintiff continued to complain that

he was in pain and suffering from severe headaches. He was taken off his psych meds and denied treatment for bi-polar disorder.

Plaintiff had a CT scan on July 1, 2020 which revealed multiple fractures. The report stated an intravenous contrast test was needed to check for infection, but no other test or procedure was done. Counselor Ulrich told him he should write a request instead of a grievance. She is aware of his ADA issues.

Based on the allegations in the Complaint, the Court designates the following claims in this *pro se* action:

> Count 1: Eighth Amendment claim against John Doe, Sergeant Stanley, Counselor Tate, C/O Monicol, and Assistant Warden Goins for failure to protect Plaintiff from the assault by his cellmate that occurred on October 16, 2019.
>
> Count 2: Eighth Amendment claim against Jane Doe, Dr. Pittman, NP Stover, and Ms. Cunningham for exhibiting deliberate indifference to Plaintiff's serious medical needs related to the injury he suffered from the assault by his cellmate and his subsequent headaches, pain, and suffering.

Any claim that is mentioned in the Complaint but not addressed in this Order is dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.[1] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim that is plausible on its face.").

---

[1] Plaintiff makes reference to himself as an "ADA inmate" but has not made any allegations supporting an ADA claim. He also appears to be expressing some dissatisfaction with the grievance process but "[p]rison grievance procedures are not mandated by the First Amendment and do not by their very existence create interests protected by the Due Process Clause, and so the alleged mishandling of [a prisoner's] grievances by person who otherwise did not cause or participate in the underlying conduct states no claim." *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011); *see also Owens v. Evans*, 878 F.3d 559, 563 (7th Cir. 2017) ("Prison officials who simply processed or reviewed inmate grievances lack personal involvement in the conduct forming the basis of the grievance."). Additionally, "[r]uling against a prisoner on an administrative complaint does not cause or contribute to the violation." *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007).

**Preliminary Dismissals**

To state a § 1983 claim, a plaintiff must allege that each defendant was personally involved in the deprivation of a constitutional right. *Matz v. Klotka*, 769 F.3d 517, 528 (7th Cir. 2014) ("[I]ndividual liability under § 1983 requires personal involvement in the alleged constitutional deprivation"); *see also Pepper v. Village of Oak Park*, 430 F.3d 806, 810 (7th Cir. 2005) ("[T]o be liable under § 1983, the individual defendant must have caused or participated in a constitutional deprivation."). Plaintiff names IDOC Director Rob Jeffreys, Warden Deanna Brookhart, and Counselor Ulrich as defendants but does not allege any personal involvement by them in the failure to protect claim or the deliberate indifference to serious medical needs claim. Absent any allegations describing what each of these individuals did or failed to do in violation of Plaintiff's constitutional rights, the claims against them cannot proceed. To the extent Plaintiff seeks to hold them liable for the actions of subordinates, the doctrine of *respondeat superior* does not apply to actions filed under § 1983. *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001). For these reasons, Jeffreys, Brookhart, and Ulrich will be dismissed.

**Discussion**

**Count 1**

Prison officials owe inmates a duty to protect them from violence at the hands of other inmates. *Farmer v. Brennan*, 511 U.S. 825, 833 (1994); *Guzman v. Sheahan*, 495 F.3d 852, 856–57 (7th Cir. 2007). To state an Eighth Amendment failure to protect claim, a prisoner must allege that he is incarcerated under conditions posing a substantial risk of serious harm and the defendant(s) acted with deliberate indifference to his health or safety. *Brown v. Budz*, 398 F.3d 904, 909 (7th Cir. 2005). Awareness of a specific, impending, and substantial threat to the plaintiff's safety is necessary to support a failure to protect claim. *Pope v. Shafer,* 86 F.3d 90,92

(7th Cir. 1996).

Plaintiff's allegations are sufficient to state a colorable failure to protect claim in Count 1 against John Doe, Sergeant Stanley, Counselor Tate, and C/O Monicol. However, Plaintiff fails to state a claim against Assistant Warden Goins based solely on the allegation that he was responsible for Plaintiff's safety and security due to his administrative position. Liability under § 1983 requires personal involvement in the alleged constitutional deprivation, and there is no suggestion that Goins was aware of the threat to Plaintiff's safety. As such, the claim against Goins will be dismissed.

**Count 2**

Prison officials and medical staff violate the Eighth Amendment's prohibition on cruel and unusual punishment when they act with deliberate indifference to a prisoner's serious medical needs. *Rasho v. Elyea*, 856 F.3d 469, 475 (7th Cir. 2017). To state a claim, a prisoner must allege facts suggesting that (1) he suffered from an objectively serious medical condition, and (2) the defendant acted with deliberate indifference to his medical needs. *Id.* The inference to be drawn from Plaintiff's allegations is that he suffered multiple fractures to his face as a result of the assault by his cellmate that Jane Doe Nurse, Dr. Pittman, and NP Stover failed to diagnose and treat. Construing the Complaint liberally, the Court will allow this claim to proceed against Jane Doe, Dr. Pittman, and NP Stover.

The claim cannot proceed against Cunningham and Westford Health Services (the Court assumes Plaintiff's reference is to Wexford Health Services), who Plaintiff alleges is the employer of the nursing staff and doctors at all IDOC facilities. Cunningham's only involvement was to schedule Plaintiff to see NP Stover after receiving Plaintiff's written request for medical care, which does not constitute deliberate indifference. As for "Westford", the doctrine of *respondeat*

5

*superior* does not apply to actions filed under § 1983 and, therefore, Plaintiff fails to state a claim against it based solely on the actions of its employees. *Shields v. Illinois Dept. of Corrections*, 746 F.3d 782, 789 (7th Cir. 2014). For these reasons, Cunningham and Westford will be dismissed.

### Identification of Doe Defendants

The Warden of Lawrence Correctional Center, in his or her official capacity, will be added as a defendant for purposes of responding to discovery aimed at identifying the unknown defendants. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 832 (7th Cir. 2009); Fed. R. Civ. P. 21. Guidelines for discovery will be set by the undersigned judge. Once the names of the unknown defendants are discovered, Plaintiff shall file a motion to substitute the newly identified defendants in place of the generic designations in the case caption and throughout the Complaint.

### Disposition

Count 1 will proceed against John Doe, Sergeant Stanley, Counselor Tate, and C/O Monicol but is dismissed as to Russel Goins. Count 2 will proceed against Jane Doe, Lynn Pittman, and NP Stover but is dismissed as to Ms. Cunningham and Westford Health Services. Additionally, Rob Jeffreys, Deanna Brookhart, Ms. Ulrich, Russel Goins, Ms. Cunningham, and Westford Health Services are **DISMISSED without prejudice** and the Clerk of Court is **DIRECTED** to **TERMINATE** them as defendants. In addition, the Clerk is **DIRECTED** to **ADD** the Warden of Lawrence Correctional Center, in his or her official capacity only, to the docket for purposes of responding to discovery aimed at identifying Defendant John Doe.

The Clerk shall prepare for Sergeant Stanley, Counselor Tate, C/O Monicol, Lynn Pittman, NP Stover, Warden of Lawrence Correctional Center (official capacity only), and once identified, John Doe and Jane Doe: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a

Summons), and (2) Form 6 (Waiver of Service of Summons).  The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff.  If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on the Defendant, and the Court will require the Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a Defendant cannot be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk and shall not be maintained in the court file or disclosed by the Clerk.

Service shall not be made on the Doe Defendants until such time as Plaintiff has identified each Defendant by name in a properly filed motion for substitution of party. Plaintiff is **ADVISED** that it is his responsibility to provide the Court with the name and service address for this individual.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).  **Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merit Review Order**. As the Warden of Lawrence Correctional Center is in the case solely for discovery purposes, he/she need not respond to the Complaint. The Warden only needs to enter his/her appearance and will receive further instruction on discovery at a later date.

Plaintiff is **ADVISED** that if judgment is rendered against him and the judgment includes

the payment of costs under 28 U.S.C. §1915, he will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is further **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and the opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

Based on the allegations in the Complaint, the Clerk of Court is **DIRECTED** to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

**IT IS SO ORDERED.**

**DATED:**  July 19, 2021

*s/ Staci M. Yandle*
**STACI M. YANDLE**
**United States District Judge**

### Notice to Plaintiff

The Court will take the necessary steps to notify the Defendants of your lawsuit and serve them with a copy of your Complaint. After service has been achieved, Defendants will enter an appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the Defendants' Answer, but it is entirely possible that it will take **90 days** or more. When Defendants have filed their Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, to give the Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.